UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

XIANG LI,

                Plaintiff,

v.                                            5:10-CV-0803
                                                  (LEK/GHL)

DAVID ROGERS, KIM MILLS, RAYMOND CROSS,
JAMES VanRIPER, RICHARD CARRENO,
JESSICA DeCERCE, and MORRISVILLE STATE COLLEGE,

                Defendants.

APPEARANCES

XIANG LI, 09450-068
Plaintiff, *pro se*
Northeast Ohio Correction Center
2240 Hubbard Road
Youngstown, OH 44505

GEORGE H. LOWE, United States Magistrate Judge

### REPORT-RECOMMENDATION AND ORDER

Presently before the Court is a *pro se* civil rights complaint and a renewed application to proceed *in forma pauperis* filed by Plaintiff Xiang Li.[1] Dkt. Nos. 1, 13. For the reasons that follow, I recommend that the complaint be dismissed with prejudice and the application be denied as moot.

**I.    The Complaint**

Section 1915(e) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, the court has a responsibility to determine whether a complaint may be properly maintained before it may permit

---

[1] Plaintiff has filed numerous *pro se* actions in this District. *See Li v. Morrisville State College, et al.*, 5:07-CV-1302 (LEK-GHL) (appeal pending); *Li v. Iredell*, 5:10-CV-0799 (LEK-GHL) (pending); *Li v. Shelhamer, et al.*, 5:10-CV-0801 (LEK-GHL) (pending); *Li v. Duncan, et al.*, 5:10-CV-0802 (LEK-GHL) (pending); *Li v. Weinstock, et al.*, 5:10-CV-0804 (LEK-GHL) (pending); *Li v. The Post Standard, et al.*, 5:10-CV-0805 (LEK-GHL) (pending).

a plaintiff to proceed with an action *in forma pauperis*. *See id.* The court also has the duty to show liberality towards *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to respond. *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983).

By way of background, Plaintiff was arrested for threatening faculty members at Morrisville State College ("the College"), and after a jury trial was convicted of eleven counts of transmitting death threats in violation of 18 U.S.C. § 875. *See U.S. v. Li*, Case No. 5:07-CR-0272 (Dkt. No. 109) (sentencing Li to 114 months of imprisonment, restitution, and supervised release). Plaintiff's conviction was affirmed. *U.S. v. Li*, 381 Fed. Appx. 38 (2d Cir. 2010). Plaintiff filed a motion to vacate his conviction pursuant to 28 U.S.C. § 2255. Case No. 5:07-CR-0272 (Dkt. No. 131). The motion is pending.

In his complaint, Plaintiff alleges that David Rogers (Dean of the School of Business at the College), Kim Mills (faculty member of the College), Jessica DeCerce (spokeswoman of the College), and Raymond Cross (President of the College), made defamatory, slanderous, and false statements regarding Plaintiff. Dkt. No. 1 at 5-6. Plaintiff claims that the statements were published in a newspaper. *Id.* at 5. Plaintiff states that he is suing these Defendants under 42 U.S.C. § 1983 and state laws regarding intentional infliction of emotional distress, defamation, slander, and prima facie tort. *Id.* at 5-6.

Plaintiff also alleges that James VanRiper (Vice Provost of the College), Richard Carreno (Vice President of the College), Defendant Cross, and the College engaged in, *inter alia*, negligent hiring and negligent supervision of Defendants Rogers and Mills. Dkt. No. 1 at 6. Plaintiff states that he is suing

these Defendants under state laws regarding negligent hiring, negligent retention, and negligent supervision. *Id.* For a complete statement of Plaintiff's claims, reference is made to the complaint.

### A.     42 U.S.C. § 1983

Plaintiff asserts that he is suing Defendants Rogers, Mills, DeCerce, and Cross under 42 U.S.C. § 1983 for depriving Plaintiff of his liberty and property interests by making defamatory, slanderous, and false statements regarding Plaintiff. Dkt. No. 1 at 6.

#### 1.     Alleged Liberty Interest

Regarding Plaintiff's alleged liberty interest, "[d]efamation alone, even by a government entity, does not constitute a deprivation of a liberty interest protected by the Due Process Clause." *Martz v. Incorporated Village of Valley Stream*, 22 F.3d 26, 31 (2d Cir. 1994) (citing *Paul v. Davis*, 424 U.S. 693, 701 (1976) ("stigma" to reputation alone is neither liberty nor property sufficient to invoke Due Process Clause)). "[S]ome 'stigma plus' [must] be established before mere defamation will rise to the level of a constitutional deprivation." *Martz*, 22 F.3d at 31 (citing *Easton v. Sundram*, 947 F.2d 1011, 1016 (2d Cir. 1991), *cert. denied*, 504 U.S. 911 (1992); *Neu v. Corcoran*, 869 F.2d 662, 667 (2d Cir.), *cert. denied*, 493 U.S. 816 (1989)). In attempting to decipher exactly what the "plus" is, the Second Circuit has stated that, in the context of defamation involving a government employee,

> defamation . . . is not a deprivation of a liberty interest unless it occurs in the course of dismissal or refusal to rehire the individual as a government employee or during termination or alteration of some other legal right or status. . . . [T]he "plus" is not only significant damage to a person's employment opportunities but dismissal from a government job or deprivation of some other legal right or status.

*Id.* **A concurrent temporal link between the defamation and the dismissal is necessary if the employee is to succeed upon a claim of liberty deprivation**. *Martz*, 22 F.3d at 32 (citing *Brandt v. Board of Cooperative Educ. Servs.*, 820 F.2d 41, 45 (2d Cir. 1987) (where defamatory statements were

-3-

made at the time of the plaintiff's termination as public school teacher, plaintiff sufficiently alleged deprivation of liberty interest); *Baden v. Koch*, 799 F.2d 825, 831 (2d Cir. 1986) (recognizing plaintiff's "weak liberty interest" where alleged defamatory remarks were released concurrently with public announcement of plaintiff's demotion to deputy medical examiner from chief medical examiner); *Gentile v. Wallen*, 562 F.2d 193, 198 (2d Cir. 1977) (alleged defamatory statements made after plaintiff had been terminated from employment as public school teacher amounted to "simple defamation" which does not trigger due process rights); *Huntley v. Community Sch. Bd.*, 543 F.2d 979, 985-86 (2d Cir.) (defamatory remarks in public announcement and inclusion of those remarks in plaintiff's employment record at time of termination as school principal sufficient basis for due process claim), *cert. denied*, 430 U.S. 929 (1976)).

Here, the necessary nexus between the alleged defamation and the time of termination is lacking.  Plaintiff was terminated as an Assistant Professor in the Computer Information Technology Department at the College on May 19, **2006**.  *Li v. Morrisville State College, et al.*, Case No. 5:07-cv-1302, Dkt. No. 114 at 2.  According to the complaint, the alleged defamatory statements were not published in the newspaper until June 9, **2007** (more than one year later); May 13, **2008** (nearly two years later); and September 12, **2008** (more than two years later).  Dkt. No. 1 at 1, 3, 4.  Thus, it is clear that the alleged statements were not made in the "course of dismissal."  *See Martz*, 22 F.3d at 32 (affirming district court's finding that plaintiff did not suffer a deprivation of any liberty interest because the statements did not occur in the course of her dismissal or in connection with the defendant's refusal to rehire her where statements were published in newspaper more than *five months* after her appointment had expired); *Kirby v. Yonkers School District*, ___ F. Supp. 2d ___, 2011 WL 721297, at *9 (S.D.N.Y. Feb. 11, 2011) (finding that necessary temporal nexus between the defamation

and the termination was lacking due to six-month gap between alleged defamatory public statements by superintendent and plaintiff's termination as probationary tenure-track teacher); *Malapanis v. Regan*, 340 F. Supp. 2d 184, 194 (D. Conn. 2004) (holding that the plaintiffs' stigma-plus claim lacked the necessary temporal nexus when the termination of the contract came approximately four months after the labeling of the plaintiffs as "non-responsible bidders" and approximately three months before the press conference where the allegedly defamatory statements were made), *aff'd*, 147 Fed. Appx. 219 (2d Cir. 2005); *Cipolla v. County of Rensselaer*, 129 F. Supp. 2d 436, 449 (N.D.N.Y. 2001) (McAvoy, J.) (holding that plaintiff's stigma-plus claim lacked necessary nexus when the allegedly defamatory statements were made six months after plaintiff's termination), *dismissed in part and aff'd in part*, 20 Fed. Appx. 84 (2d Cir. 2001).  Therefore, this claim should be dismissed with prejudice because Plaintiff failed to demonstrate that he was deprived of a liberty interest.

### 2. Alleged Property Interest

Regarding Plaintiff's alleged property interest, Plaintiff asserts that the alleged defamatory statements "disparage[d] Plaintiff in the way of his profession." Dkt. No. 1 at 5.  He also vaguely claims that he "lost a job opportunity [that was] offered before his arrest" and speculates that the prospect for him "to obtain comparable employment has been substantially decreased." *Id.* at 6.

In order to maintain a claim of deprivation of property without due process, a plaintiff must first identify a constitutionally protected property right. *See Local 342, Long Island Public Service Employees v. Town Bd.*, 31 F.3d 1191, 1194 (2d Cir. 1994).  As the Supreme Court has explained: "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it.  He must have more than a unilateral expectation of it.  He must, instead, have a legitimate claim of entitlement to it." *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972).

Here, Plaintiff does not clearly identify the constitutionally protected property right in question. To the extent that Plaintiff is alleging a property interest in his former temporary position at the College,[2] Plaintiff had no property interest in such employment. *Li*, No. 5:07-CV-1302, Dkt. No. 114, at 10 (Kahn, J.) (holding that Plaintiff had "no property interest in such employment") (citing *Board of Regents of State Colleges*, 408 U.S. at 564); *Kirby*, 2011 WL 721297, at *7 (holding that the plaintiff had no protected property interest in "probationary" appointment and that plaintiff had "no basis to believe that he had a legitimate claim of entitlement to continued employment").

To the extent that Plaintiff is alleging a property interest in the alleged lost job opportunity and future employment prospects in general, "an expectation of future employment is insufficient to create a property interest." *Malapanis*, 340 F. Supp. 2d at 192 (citing *Walentas v. Lipper*, 862 F.2d 414, 419 (2d Cir. 1988) (affirming district court's ruling that the plaintiff stated no claim against defendant for deprivation of a constitutionally protected property interest in violation of § 1983 because the plaintiff had no legitimate claim of entitlement to be named developer of a project); *Eastway Const. Corp. v. City of New York*, 762 F.2d 243, 250 (2d Cir. 1985) (holding that the plaintiffs' expectation "to continue acting as a general contractor on public redevelopment projects" did "not rise to the level of a property interest.")). Therefore, this claim should be dismissed with prejudice because Plaintiff failed to demonstrate that he was deprived of a property interest.

**B.     Remaining Alleged State Law Claims**

Regarding the alleged claims of defamation, slander, intentional infliction of emotional distress, prima facie tort, and negligence based on New York law, I recommend that these claims also be dismissed. "In the absence of original federal jurisdiction, the decision of whether to exercise

---

[2] *Li*, 5:07-CV-1302, Dkt. No. 114, at 3, 5 (identifying Plaintiff's position as temporary).

jurisdiction over pendent state law claims is within the court's discretion." *Butler v. LaBarge*, No. 9:09-cv-1106 (GLS/DRH), 2010 WL 3907258, at *3 (N.D.N.Y. Sept. 30, 2010) (citing *Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 121-22 (2d Cir. 2006)). When all federal claims have been eliminated before trial, the balance of factors in deciding whether to exercise jurisdiction over remaining state law claims leans toward dismissal. *Id.* However, a court may choose to exercise jurisdiction if a state law claim raises an important question of federal policy. *Butler*, 2010 WL 3907258, at *3 (citing *Kolari*, 455 F.3d at 122-23). Here, Plaintiff has failed to establish a federal claim or an important issue of federal policy. Thus, in light of my recommendation that the Court dismiss Plaintiff's alleged § 1983 claim, I recommend that the Court decline to exercise pendant jurisdiction over Plaintiff's alleged state law claims.

The Court notes that generally, when a *pro se* action is dismissed *sua sponte*, the plaintiff should be allowed to amend his or her complaint once before the complaint is dismissed. *See Gomez v. USAA Fed. Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999). However, such leave is not required where any amended complaint would be futile due to the substantive nature of the fatal flaws in the original complaint.[3] Here, the flaws in Plaintiff's complaint are substantive in nature such that better pleading would not cure them. As a result, it would be futile to afford Plaintiff an opportunity to amend his complaint. Accordingly, the Court recommends that no opportunity to amend the complaint be provided to Plaintiff.

## II.     Renewed application to proceed *in forma pauperis*

Plaintiff filed a renewed application to proceed *in forma pauperis*. Dkt. No. 13. In light of the

---

[3] *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (an opportunity to amend should be denied where "the problem with [plaintiff's] causes of action is substantive" such that "better pleading will not cure it."); *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice.") (citation omitted), *cert. denied*, 503 U.S. 960 (1992).

Court's recommendations that the complaint be dismissed with prejudice and that no opportunity to amend the complaint be provided to Plaintiff, the Court recommends that the application be denied as moot. *See* 28 U.S.C. § 1915(e) (establishing the court's responsibility to determine that a complaint may be properly maintained before it may permit a plaintiff to proceed with an action *in forma pauperis*).

**WHEREFORE**, it is hereby

**RECOMMENDED**, that the complaint be **DISMISSED with prejudice** for failure to state a claim on which relief may be granted; and it is further

**RECOMMENDED**, that no opportunity to amend the complaint be provided to Plaintiff; and it is further

**RECOMMENDED**, that the renewed *in forma pauperis* application (Dkt. No. 13) be DENIED as moot; and it is further

**ORDERED**, that the Clerk serve a copy of this Report-Recommendation & Order on Plaintiff by regular and certified mail along with copies of the electronically-available-only decisions cited herein.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a).

Dated: May 2, 2011
      Syracuse, New York

George H. Lowe
United States Magistrate Judge