UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

XIANG LI,

                             Plaintiff,

    -against-                                     5:10-CV-0803 (LEK/GHL)

DAVID ROGERS; KIM MILLS;
RAYMOND CROSS; JAMES VanRiper;
RICHARD CARRENO; JESSICA
DeCERCE; MORRISVILLE STATE
COLLEGE,

                             Defendants.
_____

## DECISION AND ORDER

This matter comes before the Court following a Report-Recommendation filed on May 2, 2011, by the Honorable George H. Lowe, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and L.R. 72.3 of the Northern District of New York.  Report-Rec. (Dkt. No. 14).  After fourteen days from the service thereof, the Clerk has sent the entire file to the undersigned, including the objections by Plaintiff Xiang Li ("Plaintiff" or "Li"), which were filed on May 13, 2011.  Objections (Dkt. No. 15).

The Court is to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b).  "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.  Where, however, an objecting "party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." Farid v. Bouey, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008) (quoting McAllan v. Von Essen, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007))

(citations and quotations omitted); see also Brown v. Peters, No. 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Plaintiff appears to raise the following arguments in his Objections: first, that because he is no longer a government employee, the case law cited in the Report-Recommendation is inapplicable to his claim that he was deprived of a liberty interest; second, that the injuries he has alleged are "alteration[s] of a legal right or status" sufficient to constitute a deprivation of a liberty interest; third, that Defendant Mills "promised" him continued employment and this promise gave rise to a property interest of which he was deprived; and fourth, that the Magistrate Judge erred in relying on a previous decision this Court issued against Plaintiff, because Plaintiff has appealed that decision and that appeal is currently pending. Pl.'s Obj. at 1-3. For the reasons given below, the Court rejects each of these arguments in turn.

Plaintiff's first argument is that the Report-Recommendation erred in finding that the allegedly defamatory remarks Defendants made against him did not constitute a deprivation of a liberty interest, because "the Second Circuit's precedents require that the defamed individual be a government employee," and "Plaintiff was no longer a government employee when he was defamed." Pl.'s Obj. at 1 (citing Martz v. Inc.Village of Valley Stream, 22 F.3d 26, 32 (2d Cir. 1994)). Contrary to Plaintiff's assertion, the Report-Recommendation does cite at least three cases, two of them from the Second Circuit, finding no deprivation of a liberty interest where the allegedly defamatory remarks occurred when the plaintiffs were formerly, but no longer, government employees. Report-Rec. at 3-5 (citing Martz, 22 F.3d at 32; Gentile v. Wallen, 562 F.2d 193, 198 (2d Cir. 1977); Cipolla v. County of Rensselaer, 129 F. Supp. 2d 436, 449 (N.D.N.Y. 2011)). As

2

the Second Circuit observed in Gentile, when the allegedly defamatory communication at issue occurred after the plaintiff had been terminated, "in the absence of an employment relationship, [it] amounted to at most the simple type of defamation that the Supreme Court held not to trigger due process rights." 562 F.2d at 198 (citing Paul v. Davis, 424 U.S. 693, 701-10 (1976)).  Plaintiff's first argument therefore must fail.

Plaintiff's second argument – that the Report-Recommendation erred in finding that his injuries were insufficient to constitute a deprivation of a liberty interest – is merely a reiteration of the allegations in his Complaint.  Accordingly, the Court has reviewed the relevant portions of the Report-Recommendation only for clear error, and finds that Plaintiff's objection cannot stand.  See Farid, 554 F. Supp. 2d at 307.  Plaintiff is incorrect that the Report-Recommendation "fails to note that the Second Circuit held 'alteration of some other legal right or status' is a deprivation of a liberty interest." Pl.'s Obj. at 1 (citation lacking).  The Magistrate Judge specifically states that defamation may only rise to the level of a constitutional deprivation if "it occurs in the course of dismissal or refusal to rehire the individual as a government employee or during termination or alteration of some other legal right or status." Report-Rec. at 3 (citing Martz, 22 F.3d at 31) (emphasis added).  Moreover, the Court finds no clear error in the Magistrate Judge's application of this standard in concluding that no deprivation of a liberty interest occurred.  For these reasons, Plaintiff's argument that the Report-Recommendation erred in finding no deprivation of a liberty interest must fail.

Plaintiff's objection that he was deprived of a property interest also is without merit.  To the extent that Plaintiff contends that he was deprived of a property interest because Defendants' allegedly defamatory statements "substantially curtailed his freedom to take advantage of other

3

employment," the Court considers that this particular argument is a mere reiteration of the allegations in Plaintiff's Complaint.  Pl.'s Obj. at 2; Compl. at 6.  The Court has thus reviewed the relevant portions of the Report-Recommendation for clear error only, and found none.  See Farid, 554 F. Supp. 2d at 307.  As the Report-Recommendation noted, "an expectation of future employment is insufficient to create a property interest."  Report-Rec. at 6 (citing Malapanis v. Regan, 340 F. Supp. 2d 184, 194 (D. Conn. 2004)).  The Court finds no clear error in the Magistrate Judge's finding that the injuries alleged by Plaintiff do not give rise to a deprivation of a property interest under the Fourteenth Amendment.

Alternatively, if Plaintiff's complained-of deprivation lies in the argument raised in his Objections that he was "promised" continued employment by Defendant Mills, that argument too must fail.  As this Court found previously in Li v. Morrisville State College, Plaintiff's position was temporary in nature, and therefore he has no property interest in it.  Li, 2010 WL 2735711, at *5; see also Roth, 408 U.S. at 578 (finding no property interest where term of appointment "secured absolutely no interest in re-employment" and no state statute or university rule or policy "secured his interest in re-employment or . . . created any legitimate claim to it.").  The Court therefore also adopts the Report-Recommendation's finding that Plaintiff's loss of his job does not constitute a deprivation of a property interest.

Finally, the Court rejects Plaintiff's argument that the Report-Recommendation may not be adopted because it in part relies on this Court's decision in Plaintiff's earlier action, in which a decision on appeal is currently pending.  Dkt. No. 15 at 3.  "The established rule in federal courts is that a final judgment retains all of its res judicata consequences pending decision of the appeal." Robinson v. Allstate, 706 F. Supp. 2d 320, 325 (W.D.N.Y. 2010); see also Chariot Plastics, Inc. v.

United States, 28 F. Supp. 2d 874, 881 (S.D.N.Y. 1998) ("[R]es judicata and collateral estoppel apply once final judgment is entered in a case, even while an appeal from that judgment is pending."). The Magistrate Judge therefore did not err in relying on the Court's earlier decision in Li v. Morrisville State College in the Report-Recommendation in this case, and Plaintiff's final objection must be rejected.

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation is **APPROVED** and **ADOPTED** in its **ENTIRETY**; and it is further

**ORDERED**, that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED with prejudice** for failure to state a claim on which relief may be granted; and it is further

**ORDERED**, that no opportunity to amend the Complaint is provided to Plaintiff; and it is further

**ORDERED**, that Plaintiff's renewed Application to proceed *in forma pauperis* (Dkt. No. 13) is **DENIED** as moot; and it is further

**ORDERED**, that the Clerk serve a copy of this Report-Recommendation and Order on Plaintiff by regular and certified mail, along with a copy of the decision available only electronically and cited herein.

**IT IS SO ORDERED.**

DATED:    June 16, 2011
          Albany, New York

*[signature]*
Lawrence E. Kahn
U.S. District Judge